UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT LONDON

|  |  |  |
|---|---|---|
| FRANK MELVIN CHE-ADKINS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 6:21-cv-184-HRW |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| JAMIE MOSLEY, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Proceeding without an attorney, Plaintiff Frank Melvin Che-Adkins (a federal pretrial detainee) has filed a civil complaint pursuant to 42 U.S.C. § 1983 against Defendants the Laurel County Detention Center ("LCDC"), Jailer Jamie Mosley, Lieutenant Travis Cathers, Captain Shawn Davis, Captain Gary Martin, and Sergeant Brandon Phelps. [D.E. No. 5]

By prior Order, the Court granted Che-Adkins's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. [D.E. No. 8] Thus, the Court must conduct a preliminary review of Che-Adkins's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. Upon initial screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is obviously immune from such relief. *See McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). At this

1

stage, the Court accepts Che-Adkins's factual allegations as true and liberally construes Che-Adkins's legal claims in his favor. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Che-Adkins's complaint is evaluated under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003).

Che-Adkins's complaint alleges that, while confined at the LCDC, he has been "deprived of indoor and outdoor recreation for the last 6 months and not allowed out of my cell for sunlight, exercise, fresh air, or rec." [D.E. No. 5 at p. 2] He states that, in a 6-month period, he was only allowed to go to inside recreation for one day. He also alleges that the facility is improperly ventilated. According to Che-Adkins, since confined at LCDC, he has "contracted the heart disease of high blood pressure," as well as headaches, hypersensitivity to sound and smells, depression, hopelessness, anxiety, stress, problems with attention, concentration and memory, digestive problems, fatigue, and sleep problems, all of which he attributes to the lack of recreation time and the improper ventilation. [*Id*. at p. 2, 4] He also states that, although he was placed on blood pressure medication, the medical unit has denied his requests to send him a copy of the date that he was placed on this medication.[1]

---

[1] Che-Adkins does not appear to allege that he has been denied his medication; rather, he alleges that he has been denied a copy of the date that he was placed on this medication.

Based on all these allegations, Che-Adkins claims that his rights under the First, Fourteenth, and Eighth Amendments, have been violated. He also alleges a violation of 28 C.F.R. § 551.115. As relief, Che-Adkins seeks monetary relief in the amount of $15 million and a "review" of the LCDC. [D.E. No. 5 at p. 10]

However, after reviewing the complaint pursuant to 28 U.S.C. §§ 1915, 1915A, the Court finds that, as currently drafted, Che-Adkins's complaint must be dismissed for failure to state a claim for which relief may be granted. A civil complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also* Fed. R. Civ. P. 8. "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Conclusory claims that Defendants violated Che-Adkins's rights, with no factual allegations supporting such a claim, are insufficient to state a claim for relief. *See Twombly*, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Laster v. Pramstaller*, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008).

Here, Che-Adkins's allegations are insufficient to state a viable claim against any of the Defendants named in his complaint. First, the LCDC is not a suable entity apart from the county that operates it. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). Thus, Che-Adkins's claim against the LCDC are construed as claims against Laurel County. *See Whittle v. Floyd*, 202 F.3d 271 (Table), 1999 WL 1336078 (6th Cir. Dec. 21, 1999) at *1, n. 1 (claims against the county fiscal court amount to claims against the county itself) (citations omitted). However, because a county government is only responsible under 42 U.S.C. § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010). Che-Adkins makes no allegation that the events about which he complains are the product of a county policy or custom, and he therefore fails to state a claim for relief against the county. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). *See also Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014).

Che-Adkins also fails to adequately allege claims against any of the individual Defendants (Mosley, Cathers, Davis, Martin, and/or Phelps). Personal liability in an

4

action brought pursuant to 42 U.S.C. § 1983 hinges upon the defendant official's personal involvement in the deprivation of the plaintiff's civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003); *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Accordingly, federal notice pleading requires, at a minimum, that the complaint advise each defendant of what he allegedly did or did not do that forms the basis of the plaintiff's claim against him. *Iqbal*, 556 U.S. at 678; *Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008).

Che-Adkins's complaint makes no allegation at all of any conduct by Cathers, Davis, Martin, or Phelps, much less allege that any of them were personally involved in conduct that violated Che-Adkins's constitutional rights. Rather, Che-Adkins's allegations are made against the Defendants as a group, with no particular conduct attributed to any specific individual Defendant. However, a "[p]laintiff must state a plausible constitutional violation against each individual defendant—the collective acts of defendants cannot be ascribed to each individual defendant." *Reilly v. Vadlamudi*, 680 F.3d 617, 626 (6th Cir. 2012) (citations omitted). Indeed, "[e]ven a pro se prisoner must link his allegations to material facts…and indicate what each defendant did to violate his rights…" *Sampson v. Garrett*, 917 F.3d 880, 882 (6th Cir. 2019) (citing *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010); *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)). Che-Adkins's failure to do so here warrants dismissal of his claims against Cathers, Davis, Martin, and Phelps.

Che-Adkins's sole allegation of *any* conduct by any individual Defendant is his claim that "[w]hen the Jailer Jamie Mosley was addressed of this issue he responded sue me you will not win." [D.E. No. 5 at p. 5] However, prison officials are not liable under § 1983 for denying or failing to act on grievances. *Grinter v. Knight,* 532 F.3d 567, 576 (6th Cir. 2008). *See also Nwaebo v. Hawk-Sawyer*, 100 F. App'x 367, 369 (6th Cir. 2004) (citing *Shehee v. Luttrell,* 199 F.3d 295, 300 (6th Cir.1999)). Nor are allegations suggesting that Mosely's response was rude or unprofessional sufficient to state a claim that Che-Adkins's constitutional rights were violated. *Ivey v. Wilson*, 832 F.2d 950, 954-55 (6th Cir. 1987); *Wingo v. Tenn. Dept. of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) ("... verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.").

To the extent that Che-Adkins seeks to hold Mosley responsible for the conduct of LCDC employees due to his status as Jailer, under 42 U.S.C. § 1983, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Iqbal*, 556 U.S. at 676; *see also Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). Rather, a plaintiff must "plead that each Government-official defendant, through the official's own official actions, violated the Constitution." *Iqbal*, 556 U.S. at 676. Thus, the mere fact that a defendant acted in a supervisory capacity is not enough because

6

*respondeat superior* (vicarious liability) is not an available theory of liability in a § 1983 action. *Polk County*, 454 U.S. at 325-26. Because Che-Adkins does not allege that Mosley was personally involved in any conduct that violated Che-Adkins's constitutional rights, his claims against Mosley must also be dismissed.

For all of these reasons, Che-Adkins's complaint fails to state a claim for which relief may be granted against any of the Defendants. While the Court construes *pro se* pleadings with some leniency, it cannot create claims or allegations that the plaintiff has not made. *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("a court cannot create a claim which [a plaintiff] has not spelled out in his pleading."); *Nali v. Ekman*, 355 F. App'x 909, 912 (6th Cir. 2009) (Sutton, J., dissenting) ("[W]hen a *pro se* litigant asks us to identify any potentially winning arguments in his lower court pleadings, he is asking us to create, not correct, potential disparities in the legal system."). Che-Adkins's failure to adequately allege a viable claim against any of the Defendants does not give this Court license to create allegations or claims on his behalf. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) ("[L]iberal construction does not require a court to conjure allegations on a litigant's behalf.") (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)). Because Che-Adkins has failed to adequately allege a claim for which relief may be granted, his complaint will be dismissed without prejudice.

Accordingly, it is hereby **ORDERED** as follows:

1. Che-Adkins's complaint [D.E. No. 5] is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim for which relief may be granted.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously herewith.

This 13th day of June, 2022.

Signed By:
<u>Henry R Wilhoit Jr.</u>
**United States District Judge**